IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-367-DCK

| | |
|---|---|
| SHEILA SAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. )<br>) | <u>ORDER</u> |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 14) and "Defendant's Motion For Summary Judgment" (Document No. 16). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion For Summary Judgment" be <u>denied</u>; that Defendant's "Motion For Summary Judgment" be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

### I. BACKGROUND

Plaintiff Sheila Sams ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). This case has a long procedural history, in part because the administrative decision under review in the instant case is the second such decision on Plaintiff's application due to a previous remand from the Western District of North Carolina as explained below.

On or about July 25, 2014, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning July 1, 2006. (Transcript of

the Record of Proceedings ("Tr.") 17). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on April 13, 2015, and again after reconsideration on September 24, 2015. (Tr. 148, 153). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows, in order to be entitled for benefits your condition must be found severe prior to 09/30/2011. The evidence in file is not sufficient to fully evaluate your claim and the evidence needed cannot be obtained. We have determined your condition was not disabling on any date through 09/30/2011, when you were last insured for disability benefits. In deciding this, we considered the medical records, your statements, and how your condition affected your ability to work.

(Tr. 153-54).

Plaintiff filed a timely written request for a hearing on November 3, 2015. (Tr. 17, 159). On July 25, 2017, Plaintiff appeared and testified at a hearing before Administrative Law Judge J. Petri (the "ALJ"). (Tr. 17, 38-73). In addition, Benson Hecker, a vocational expert ("VE"), and Holly Fairbairn, Plaintiff's attorney for the hearing, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on December 29, 2017, denying Plaintiff's claim. (Tr. 14-32). On March 5, 2018, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on March 11, 2019. (Tr. 212, 1023-25). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1023). Plaintiff then appealed the ALJ's decision to the Western District of North Carolina by filing a Complaint on April 24, 2019. (Tr. 1030-31). On January 9, 2020, the Honorable Martin Reidinger entered an order remanding the case pursuant to the parties' consent under sentence four of 42 U.S.C. § 405(g). (Tr. 1037). The Appeals Council then remanded the case to an ALJ in a notice dated January 31, 2020. (Tr. 1039).

On August 6, 2020, Plaintiff appeared and testified via telephonic hearing before Administrative Law Judge J. Petri. (934-53, 962-92). In addition, Robert E. Brabham, a vocational expert, and Holly Fairbairn, Plaintiff's attorney for the hearing, appeared at the hearing. Id. at 938. The ALJ issued an unfavorable decision on August 19, 2020, denying Plaintiff's claim. (Tr. 934-53).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on December 20, 2020. (Document No. 1). Plaintiff appealed the ALJ's decision directly as the ALJ's decision became the Commissioner's final decision following remand from the district court. See 20 C.F.R. § 404.984. The parties consented to Magistrate Judge jurisdiction on June 29, 2021, and this case was reassigned to the undersigned as presiding judge. (Document No. 11).

Plaintiff's "Motion For Summary Judgment" (Document No. 14) and "Plaintiff's Memorandum In Support Of Summary Judgment" (Document No. 15) were filed August 4, 2021; and the "Defendant's Motion For Summary Judgment" (Document No. 16) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 17) were filed October 4, 2021. "Plaintiff's Response To Defendant's Memorandum In Support Of Motion For Summary Judgment" (Document No. 19) was filed October 18, 2021.

The pending motions are now ripe for review and disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards.

Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between July 1, 2006, and the date last

4

Case 1:20-cv-00367-DCK   Document 21   Filed 08/19/22   Page 4 of 14

insured, September 30, 2011.[1]  (Tr. 938).  To establish entitlement to benefits, Plaintiff has the burden of proving disability within the meaning of the Social Security Act.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled.  20 C.F.R. § 404.1520(a).  The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled;  and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps;  if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

5

1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 951-53).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since July 1, 2006, the alleged disability onset date. (Tr. 940). At the second step, the ALJ found that degenerative disc disease, bilateral rotator cuff tendinopathy, left wrist fibrocartilage tear, degenerative joint disease of the right knee, osteoporosis, obesity, major depressive disorder, anxiety, bipolar disorder, and attention deficit disorder were severe impairments.[2] (Tr. 940). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 941).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> [S]he can never climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl. She can occasionally reach overhead. The claimant can have no exposure to hazards. She is limited to simple, routine tasks performed two hours at a time, but no fast-paced production rate work, and occasional interaction with the public.

(Tr. 944). In making this finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a CNA. (Tr. 951). At the fifth and final step, the ALJ concluded based on the testimony of the VE

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 951). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a garment folder, sorter, and machine tender – jobs appropriate for the light work level with Plaintiff's additional limitations as articulated in the RFC. (Tr. 952). Additionally, the ALJ "proposed to the vocational expert a hypothetical that further reduced the claimant's RFC to sedentary with the remaining postural, manipulative and other nonexertional limitations." (Tr. 952). The VE testified that according to these factors, occupations claimant could perform would include a bench hand or packer, a machine tender, and an assembler. (Tr. 952-53). The ALJ further stated that "according to the vocational expert, the [Dictionary of Occupational Titles] does not speak to overhead reaching because it is not a substantial part of the light or sedentary occupational requirements." (Tr. 953). According to the VE, Plaintiff could therefore perform the jobs that he specified "despite restrictions to overhead reaching." (Tr. 953). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between July 1, 2006, and the date last insured, September 30, 2011. (Tr. 953).

Plaintiff on appeal to this Court makes the following assignments of error: (1) "the ALJ's decision violates *Mascio*;" and (2) "[t]he structure of the SSA is constitutionally invalid." (Document No. 5, pp. 4, 8). The undersigned will discuss each of these contentions in turn.

**A.      Proper Formulation of the RFC – Concentration and Persistence**

In the first assignment of error, Plaintiff argues that the ALJ failed to account "for Ms. Sams' limitations in concentration and persistence." (Document No. 15, p. 6). Plaintiff contends that although the ALJ restricted her RFC to "simple routine tasks," such a limitation "refers to

7

limitations in understanding a task, not limitations in staying on task," which she should have accounted for in her RFC formulation. Id.  Indeed, Plaintiff argues that "despite admitting in the [psychiatric review technique] that Ms. Sams 'has some limitations in her ability to focus her attention on work activities and stay on task at a sustained rate'" and also "needed repetition of multiple questions as she appeared to lose her train of thought," the ALJ failed to "explain why he did not incorporate [these] work-related limitations…into the RFC." Id. (citing Tr. 943).  The ALJ's error, Plaintiff contends, violates Mascio v. Colvin: "as explained in *Mascio*, a limitation to simple, routine tasks does not address difficulties staying on task." (Document No. 15, p. 5) (citing 780 F.3d 632 (4th Cir. 2015)).

The Government defends the ALJ's RFC formulation, contending that "subsequent case law has made clear that [Mascio's holding] is not to be read as categorical." (Document No. 17, p. 17).  In other words, the statement in Mascio that "[a]n ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work" is not a bright-line rule, as recent case law has borne out. Id. (citing 780 F.3d at 638).  As Defendant argues, "[a] limitation to simple, routine tasks reasonably accommodates CPP [concentration, persistence, and pace] because it is…easier to concentrate, persist, or maintain pace when one's tasks are simple and/or routine." (Document No. 17, p. 18).  Moreover, the "specification 'for two hours at a time' [] plainly addresses the ability to stay on task." Id.

As explained below, the undersigned finds Defendant's argument more persuasive – the ALJ adequately accounted for Plaintiff's limitations in concentration, persistence, and pace in the RFC.  Indeed, since Mascio was issued, the Fourth Circuit has clarified that Mascio "did not impose a categorical rule that requires an ALJ to always include moderate limitations in

8

concentration, persistence, or pace as a specific limitation in the RFC." Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020). Instead, where an ALJ "sufficiently explain[s] why the mental limitation to simple, routine, and repetitive tasks" accounts for a plaintiff's "moderate limitations in [] concentration, persistence or pace," that will pass muster under Mascio. Id. Moreover, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." Id. (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). Further, many courts have found that "a two-hour limitation addresse[s] [a] [p]laintiff's moderate limitations in CPP." Beasley v. Berryhill, 1:17-CV-294-RJC, 2019 WL 1330928, at *5 (W.D.N.C. Mar. 25, 2019).

Here, the ALJ included a further limitation in Plaintiff's RFC *beyond* a limitation to "simple, routine tasks" to only tasks "performed two hours at a time" and "no fast-paced production rate work." (Tr. 944). Indeed, courts in this district have found that such limitations adequately account for moderate limitations in concentration, persistence, and pace. Compare Shook v. Berryhill, 1:16-CV-105-DCK, 2017 WL 833060, at *6-*7 (W.D.N.C. Mar. 2, 2017) (holding that in that case, the ALJ only limited the plaintiff's RFC to simple, routine tasks but did *not* include a further limitation to work performed at nonproduction pace or two-hour increments – which required remand). Furthermore, the ALJ posed a hypothetical question to the VE at the hearing that limited Plaintiff to unskilled work, including limitations to "simple, routine tasks performed two hours at a time, but no fast-paced production-rate work." (Tr. 986). Limiting the hypothetical to include only unskilled work adequately accounts for limitations in concentration,

9

persistence, and pace. See Shinaberry, 952 F.3d at 121. According to the VE, jobs existed in the economy that would account for such limitations. (Tr. 987).

Not only did the ALJ include limitations in Plaintiff's RFC that address her "ability to stay on task" – that is, work performed in two-hour increments and no fast-paced production work – but she also explained her reasoning such that the undersigned finds that substantial evidence supports the ALJ's decision. Mascio, 780 F.3d at 638. Indeed, in addressing Plaintiff's moderate limitations in concentration, persistence, and pace, the ALJ found that "the claimant was able to perform simple, mental calculation…slowly." (Tr. 943) (citing Tr. 441). Furthermore, "claimant's concentration and attention span were adequate for immediate memory and there was mild impairment for delayed recall." (Tr. 943) (citing Tr. 441). Still, medical records note "that the claimant can pay attention as long as needed." (Tr. 943) (citing Tr. 253-60).

With respect to her discussion of Plaintiff's concentration, persistence, and pace impairments relevant to the RFC, the ALJ indicated that despite such impairments, "the claimant engaged in a somewhat normal level of daily activity and interaction." (Tr. 949). Additionally, the consultative examiner, Dr. Howell, indicated that although Plaintiff "would likely have at least mild impairment in remembering instructions in an employment environment…she appeared to have adequate abstract reasoning…[and her] intellectual functioning appeared to fall within the average range." (Tr. 950) (citing Tr. 442). The ALJ gave Dr. Howell's opinion "little weight," instead relying "on the overall record." (Tr. 950). Indeed, Plaintiff consistently had "appropriate judgment, has been oriented, had a normal memory, and her mood and affect were appropriate." (Tr. 948) (citing Tr. 331, 342, 348). Furthermore, Plaintiff lives alone, and she "did not allege that she required constant assistance in performing many of the various duties required to maintain a household." (Tr. 949). Thus, "[a]s outlined by Shinaberry, the ALJ properly discussed the

10

decision to limit Plaintiff to simple, routine tasks performed two hours at a time with occasional contact" and with no fast-paced production rate work. Wilson v. Saul, 1:19-CV-103-FDW, 2020 WL 5370960, at *9 (W.D.N.C. Sept. 8, 2020).

**B.     Constitutionality of ALJ's Decision**

Next, Plaintiff argues that the Commissioner's "decision must be overturned because the structure of the Social Security Administration [] is not constitutional." (Document No. 15, p. 2). Under the relevant statutory removal provision, the Commissioner of the Social Security Administration "may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office." 42 U.S.C. § 902(a)(3). Plaintiff contends that the Commissioner of the Social Security Administration's removal restriction – that he or she "can only be removed from his position for cause" – is unconstitutional because the Commissioner "serves for a six-year term," longer than a president sits in office, thus violating the separation of powers clause. (Document No. 15, pp. 2, 8). Therefore, from Plaintiff's perspective, "the ALJ's decision must [] be vacated because she did not have the authority to decide the case given the delegation of authority from a Commissioner who had no authority to head the Agency." Id. at p. 9.

Defendant contends that Plaintiff's constitutional argument is defective for a variety of reasons. First, the Commissioner concedes that the parties agree that the removal restriction in the Social Security Act "violates the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause." (Document No. 17, pp. 4-5) (citing 42 U.S.C. § 902(a)(3); Office of Legal Counsel, U.S. Dep't of Justice, Constitutionality of the Commissioner of Social Security's Tenure Protection, 2021 WL 2981542 (July 8, 2021)). Nonetheless, "that conclusion does not support setting aside an unfavorable SSA disability benefits determination," Defendant asserts. (Document No. 17, p. 5). Factually, Defendant highlights,

11

"there is [] no separation-of-powers concern in Plaintiff's case" because "the ALJ who denied Plaintiff's claim was not appointed by a Commissioner subject to Section 902(a)(3)'s removal restriction." Id. Moreover, Defendant argues that Plaintiff cannot "show that Section 902(a)(3)'s removal restriction caused the denial of her benefits claim." Id. Defendant finally argues that "[a] variety of other legal doctrines—harmless error, de facto officer, and the rule of necessity, as well as broad prudential considerations—reinforce the" conclusion that Plaintiff is not entitled to relief on constitutional grounds from the Commissioner's decision. Id. at pp. 5, 12-16.

Plaintiff contests each of Defendant's arguments in her response brief. See (Document No. 19). Perhaps most notably, Plaintiff argues that "no showing of 'cause' is required in order for this claimant to receive a remedy for the government's violation of her constitutional rights." Id. at p. 9. Respectfully, as explained below, the undersigned disagrees with Plaintiff and finds Defendant's argument on this issue persuasive.

Plaintiff is not entitled to relief on this issue because the Court does not find any constitutional problem with the ALJ's decision. Irrespective of who *appointed* the ALJ in this case – that is, an Acting Commissioner or a presidentially-appointed Commissioner, Plaintiff's argument still falls flat because she has not proven any causation between the removal provision and the ALJ's decision in her individual case. Indeed, one court in this district has explained the rationale for such a conclusion as follows:

> Recently, in Collins v. Yellen, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused his alleged harm. In Collins, the Court reasoned that the relevant agency officials were "properly appointed" pursuant to a statute that exhibited "no constitutional defect in the…method of appointment" and that "the unlawfulness of [a] removal provision" does not strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken"

> by the agency during this period "as void." Id. at 1787, 1788 n.23. In this case, Plaintiff, as in Collins, grounds his constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment and offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of his application for disability benefits. The Plaintiff simply argues that all actions taken by the Commissioner – and in turn his appointed ALJ's – are void due to the unconstitutional removal provision. However, Collins expressly rejects this view. Id. Therefore, the final decision of the ALJ is not constitutionally defective.

Boger v. Kijakazi, 1:20-CV-331-KDB, 2021 WL 5023141, at *3 (W.D.N.C. Oct. 28, 2021). Finally, Plaintiff's argument that harm is presumed "because the instant separation of powers challenge involves a government actor exercising power that they did not lawfully possess" is inaccurate. (Document No. 19, p. 8). Plaintiff cites comments from President Biden about Commissioner Saul, which she contends "show harm." Id. at pp. 11-12. Plaintiff herself though admits the speculative nature of her assertion: she concedes that President Biden's comments "standing alone do not irrefutably confirm that President Biden had wanted to remove Mr. Saul from office immediately" but could not on account of the removal provision in the statute. Id. at p. 11. Therefore, her argument is not persuasive – she has not demonstrated any conceivable harm caused by the removal restriction on the ALJ's decision to deny her individual benefits.

Plaintiff here, as in the Boger case, has not demonstrated the causal nexus between the unconstitutional statutory removal restriction and her denial of disability benefits.[3] For that reason, she is not entitled to a new hearing.

---

[3] The Court "need not consider Defendant's arguments against Plaintiff's entitlement to a new hearing based on the harmless error doctrine, the de facto officer doctrine, the rule of necessity, and prudential considerations because Plaintiff has failed to demonstrate the requisite causal connection that Collins requires. See Belanger v. Comm'r of Soc. Security, 5:21-CV-019-RJC, 2022 WL 3205183, at *3, n.2 (W.D.N.C. Aug. 8, 2022).

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will direct that the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED** that: Plaintiff's "Motion For Summary Judgment" (Document No. 12) is **DENIED**; the "Defendant's Motion For Summary Judgment" (Document No. 17) is **GRANTED**; and the Commissioner's determination is **AFFIRMED**.

**SO ORDERED**.

Signed: August 18, 2022

David C. Keesler
United States Magistrate Judge